[Civ. No. 15751.   Second Dist., Div. Two.   Oct. 22, 1947.]

GEORGE S. ALLEN et al., Respondents, v. DUDLEY ALBERTS et al., Appellants.

Macfarlane, Schaefer & Haun for Appellants.

Mark F. Jones and Irving S. Baltimore for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs in the sum of $5,450.90 after trial before the court without a jury in an action to recover damages for the conversion of furniture, furnishings and equipment located in a hotel which plaintiffs' predecessors had leased to defendants Alberts' assignors, defendants appeal.

The evidence being viewed in the light most favorable to plaintiffs (respondents), the essential facts are:

Plaintiffs are the present owners of the California Hotel. Their predecessors in interest leased the hotel to one Sarber, which lease, with the consent of the lessors, was assigned to defendants herein. So far as material here, the lease provided as follows:

"Lessee agrees to keep and maintain said furniture, furnishings, equipment and/or fixtures in good order, condition and repair. Lessee agrees furthermore, when and as said furniture, furnishings and/or equipment shall be worn out or, by reason of wear or otherwise, not reasonably fit for use in the demised premises in connection with the conduct of the demised premises as a first-class hotel, that lessee will at his sole cost and expense replace the same with new and fully paid for furniture, furnishings, equipment and/or fixtures, as the case may be, of a like or better type and character, which said furniture, furnishings, equipment and fixtures shall immediately upon its installation become and be the property of lessor and shall be included in the furniture, furnishings, equipment and fixtures leased hereunder. Lessee agrees that none of the furniture, furnishings, equipment or fixtures now

or hereafter installed in the demised premises shall be removed therefrom without the consent in writing of lessor first obtained, except and when and as separate pieces or portions of said furniture, furnishings, equipment or fixtures may become worn out or not fit for use in the demised premises in connection with the conduct therein of a first-class hotel, lessee may then remove the same provided that coincident with said removal the same must be replaced by new and fully paid for furniture, furnishings, equipment or fixtures, as the case may be, of a like or better type and character.

"Lessee expressly covenants and agrees that upon the termination of this lease, whether by the expiration of time or otherwise, he will immediately surrender and deliver up the demised personal property to lessor, his agents or attorneys, in the condition in which lessee is obligated to keep and maintain said personal property under the provisions of paragraph 42 hereof, excepting only damage by act of God which lessee could not reasonably have anticipated and guarded against."

Defendants, without the consent of the lessors, removed furniture, furnishings and equipment wrongfully from the demised premises, the value of such property being $5,450.90.

The foregoing facts were embodied in the findings of the trial court.

Defendants rely for reversal of the judgment on two propositions which will be stated and answered hereunder seriatim:

■ First: *There is not any substantial evidence to sustain the foregoing findings of fact.*

This proposition is untenable. An examination of the record discloses substantial evidence, which together with the inferences the court may have drawn therefrom, sustains each and every fact set forth above. For example, plaintiffs' exhibit 9 which was received in evidence shows the amount and value of the furniture removed from the hotel without the lessors' consent. The value of such missing furniture is substantially in excess of $5,450.90. This exhibit alone constitutes substantial evidence to sustain the trial court's finding that the property removed from the hotel without the lessors' consent was of the value of $5,450.90.

Further discussion of the evidence would serve no useful purpose since this court must disregard evidence introduced by defendants which conflicts with the evidence set forth above.

■ Second: *The trial court committed prejudicial error*

*in refusing to receive evidence of the custom and usage relative to the removal of supplies from a hotel upon its sale.*

This proposition is likewise without merit. The lease herein involved specifically provided that all personal property and furnishings installed in the premises should be a part of the leased property and belong to the lessors. Hence there was no necessity for introducing any evidence as to custom and usage since the agreement involved was specific and unambiguous.

As the record is free from error the judgment must be affirmed. It is so ordered. The appeal from the order denying the motion for a new trial is dismissed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied November 12, 1947, and appellants' petition for a hearing by the Supreme Court was denied December 18, 1947.